UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT GRAYNED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 1407 CDP |
| | ) | |
| ST. LOUIS COUNTY COLLECTOR OF REVENUE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Lamont Grayned's motion to proceed in this personal property tax case without prepayment of the $405 filing fee. Having reviewed the motion and the financial information submitted in support, I will grant the application and waive the filing fee. However, for the reasons that follow, I will order Grayned to show cause why this action should not be dismissed for lack of federal subject-matter jurisdiction.

**Proceeding In Forma Pauperis**

Congress requires federal district courts to collect a filing fee from a plaintiff instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. But a court may authorize the plaintiff to institute a civil action without paying the filing fee – that is, permit him to proceed in forma pauperis – when the plaintiff demonstrates his inability to pay. 28 U.S.C. § 1915(a)(l). A plaintiff can be granted leave to

proceed in forma pauperis if he shows he cannot, because of his poverty, pay the costs of litigation and remain able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). He need not be "absolutely destitute to enjoy the benefit of the statute." *Id.* Proceeding in forma pauperis is a matter of privilege, not of right. *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

In his application seeking IFP status, Grayned declares that his monthly income is $2900 per month; that he has no money in cash or in either a checking or savings account; that he has no assets; and that he has monthly expenses that total $2720. Based on the information submitted, I conclude that Grayned lacks sufficient funds to prepay the costs of this action, and I will grant his motion to proceed IFP.

**The Complaint**

Grayned asserts that for the years 2019 to 2023, defendant St. Louis County Collector of Revenue represented that he owed outstanding personal property taxes on a previously owned vehicle, which Grayned denies. Grayned alleges that that reported tax delinquency prevented him from registering his current vehicle during that period and obtaining the required registration stickers. He claims that the Collector discovered in late 2023 that Grayned in fact did not owe back taxes, and

it removed the tax hold for Grayned's current vehicle. Grayned contends that, nevertheless, his car not being registered from 2019 to 2023 resulted in warrants being issued and his accruing at least $5000 in tickets and court costs during that period. He also claims he experienced stress and harassment while driving the vehicle when it was not registered. He argues that taxes should not be collected on his current car for the years 2019 to 2023 since the Collector prevented him from registering the car during that period. He also seeks to recover $5000 in damages for the costs he paid on account of the car not being registered, an unspecified amount of punitive damages, and vouchers for stress.

**Subject-Matter Jurisdiction**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Subject-matter jurisdiction is an essential prerequisite for every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional

requirements in all cases."). The question of subject-matter jurisdiction may be raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). If the Court determines at any time that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts have subject-matter jurisdiction over two primary categories of cases: federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994). Here, Grayned's complaint does not allege diversity jurisdiction or include any factual allegations from which diversity jurisdiction can be established. 28 U.S.C. § 1332(a). The same is true for federal question jurisdiction as the complaint does not identify or allege facts supporting a cause of action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The complaint simply fails to assert or articulate any facts demonstrating federal subject-matter jurisdiction over the case. I will therefore order Grayned to show cause within thirty (30) days why this case should not be dismissed for lack of federal subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lamont Grayned's Application

to Proceed in District Court Without Prepaying Fees or Costs [2] is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Order**, plaintiff Lamont Grayned shall show cause why this case should not be dismissed for lack of federal subject-matter jurisdiction. Failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further notice to plaintiff.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2026.